WELCH, J.,
agreeing and dissenting in part.
|,I agree with the majority opinion on the issue of Mr. Chauvin’s entitlement to SEBs. However, I believe that the WCJ erred in finding that Mr. Chauvin, who had a prior history of ED, demonstrated that his need for Cialis was caused by the work accident.
According to Dr. Gervais, Mr. Chauvin first complained to him of ED symptoms during a May 15, 2009 visit, for which he wrote Mr. Chauvin a prescription for Cial-is. On May 27, 2009, Dr. Gervais signed a “Statement of Medical Necessity for Medication” in which he related the need for the medication to the work accident due to Mr. Chauvin’s extreme lower back pain.[1] In a letter from Mr. Chauvin’s attorney dated June 12, 2009, Dr. Gervais answered “yes” when asked if the need for Cialis is more likely than not related to his injury. During his August 2009 deposition, Dr. Gervais testified that some of the medications Mr. Chauvin was taking for his back problem could cause ED, but Mr. Chauvin was not taking those frequently enough or at high enough doses to explain his persistent problem. At the time Dr. Gervais gave his deposition, he was not aware of Mr. Chauvin’s pre-existing ED problem. He testified that he did not recall Mr. Chauvin having detailed a prior history of ED and that his treatment notes did not indicate a prior history of ED. When asked whether he would relate his diagnosis of ED to a prior ED diagnosis, Dr. Gervais answered, “Probably.” |2He added that some of the medicines he was *487 prescribing for Mr. Chauvin would exacerbate ED that was pre-existing. Dr. Ger-vais admitted that he was not saying that the work injury or Mr. Chauvin’s current back problem caused Mr. Chauvin’s ED, but that the medication Dr. Gervais prescribed made it more prominent, more severe.
At trial, Dr. Gervais testified that Mr. Chauvin had some degree of ED before the work accident and that Mr. Chauvin had a prior diagnosis of ED. However, when questioned by the WCJ regarding Mr. Chauvin’s prior ED, Dr. Gervais admitted he did not know the cause thereof because he did not investigate it. He testified that regardless of the cause of the ED, he knew that some of the medications he was giving Mr. Chauvin would cause an exacerbation or worsening of the symptoms. The WCJ then questioned Dr. Ger-vais as to what difference it would make if Mr. Chauvin was taking medication for ED prior to the accident and was taking it after the accident. Dr. Gervais admitted that he did not know, and stated: “He complained about it to me so I presumed it was more of a problem now for him. I presumed. I don’t know. I didn’t really look at his prior history as far as Erectile Dysfunction goes because I knew the medicines I was giving him would cause it to stop. I wasn’t that surprised about it.”
Mr. Chauvin was required to establish by a preponderance of the evidence that his work injury aggravated his pre-existing ED condition. Mr. Chauvin failed to do so. He did not offer any evidence to establish the extent of his ED prior to and after the accident. Moreover, in rendering his opinion that the work injury exacerbated Mr. Chauvin’s pre-existing ED, Dr. Gervais admitted that he did not look at Mr. Chauvin’s prior ED history. Mr. Chauvin did not prove that his preexisting ED condition actually became worse as a result of the medications he was taking for the work accident. Therefore, I find that the WCJ committed manifest error in awarding Mr. Chauvin the cost of the Cial-is medication. Accordingly, I 653would reverse that portion of the judgment awarding Mr. Chauvin the cost of the Cial-is medication and the award of penalties and attorney’s fees based solely on Termi-nix’s refusal to pay for that medication.

. The record reflects that Terminix approved of the prescription medication on a short-term basis after receiving a letter of medical necessity from Dr. Gervais. However, on August 10, 2010, Terminix declined to pay the cost of Mr. Chauvin's Cialis prescription and refused to cover the cost thereafter.